# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

RYAN F. WHITTLE,

                Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 13-CV-580-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Ryan F. Whittle, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 6, 2010, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held April 2, 2012. By decision dated April 27, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 8, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 19 years old on the date of alleged onset of disability and 24 on the date of the ALJ's denial decision. He has a high school education and no past relevant work. He claims to have been unable to work since October 15, 2007 as a result of left hand injury, congenital heart condition, cirrhosis of the liver, and headaches.

## The ALJ's Decision

The ALJ determined that "left fascia trauma"[2] is a severe impairment, but Plaintiff retains the residual functional capacity (RFC) to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). The ALJ applied the Medical-Vocational Guidelines (Grids), 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 203.28 which direct a finding of "not disabled" based on Plaintiff's age, education, work experience, and residual functional capacity. The case was thus decided at step five of the five-step

---

[2] The ALJ called the severe impairment "left fascia trauma," but the radiology report that the ALJ referred to concerning that injury called it a left "facia" trauma. [R. 489]. The radiology report and accompanying emergency room records discuss an injury Plaintiff received to the left side of his face. Hereafter, the undersigned will refer to the injury as a facial trauma.

2

evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ's RFC is not supported by the evidence as a whole; that the ALJ's credibility determination is not supported by substantial evidence; and the ALJ failed to weigh and consider the third party statements of record.

## **Analysis**

### RFC Determination

Plaintiff argues that the RFC is not supported by substantial evidence because, according to Plaintiff, the RFC is not linked to substantial evidence. Plaintiff notes that the ALJ gave "great weight" to the opinions of the non-examining, non-treating state Disability Determination Service (DDS) physicians who examined Plaintiff's medical records and concluded that Plaintiff's physical complaints were "non-severe," [R. 21, 23, 424, 426]. Plaintiff states that these opinions conflict with the ALJ's decision, which found at step two that Plaintiff did have a severe impairment of left facial trauma. According to Plaintiff, since the ALJ found a severe impairment and the DDS physicians found none, their opinions do not support the RFC. The undersigned finds that this supposed discrepancy provides no basis for reversing the ALJ's decision.

The facial trauma which the ALJ found was a "severe" impairment at step two of the evaluative sequence occurred almost a year after the DDS physicians issued their opinions. Obviously, the DDS physicians could not have considered that injury as part of their analysis. The steps in the evaluation process are sequential. Therefore, a finding adverse

3

to Plaintiff at any step would halt the evaluation and a finding of not disabled would be entered. If the ALJ had found no severe impairment at step two, the inquiry would have ended without any further analysis by the ALJ. Therefore, the fact that the ALJ found the existence of a severe impairment and proceeded to conduct further analysis when the DDS physicians found no impairment could not possibly work any prejudice on Plaintiff and is not the basis for remand. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012)(finding no prejudice where ALJ failed to assign weight to an opinion that did not help Plaintiff).

Plaintiff asserts that the ALJ's statement that the DDS physicians concluded he could reasonably be expected to perform at the medium, light, and sedentary exertional level with the non-exertional limitations found by the ALJ, [R. 23], is inaccurate because those physicians did not opine as to any functional limitations and the ALJ did not include any non-exertional limitations in the RFC. [Dkt. 16, p. 6]. The ALJ's statement is somewhat nonsensical in view of the lack of any exertional or non-exertional limitations in the RFC. However, the inclusion of this statement does not present a reason for remand. No principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013). There is no reason to believe that the correction of this statement would lead to a different result.

Plaintiff asserts that there is no medical evidence of record to support the ALJ's RFC for a full range of medium work. To the extent that Plaintiff suggests that there must be a medical opinion in the record which directly supports an RFC finding, that suggestion has been rejected by the Tenth Circuit. There is no requirement in the regulations for a direct

4

correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. "[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004) (following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5); *see also* 20 C.F.R. §§ 404.1546(c) and 416.946(c). The Tenth Circuit has thus "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Howard*, 379 F.3d at 949; *see, e.g.,Chapo v. Astrue*, 682 F.3d 1285, 1288-1289 (10th Cir. 2012) *Wall v. Astrue*, 561 F.3d 1048, 1068–69 (10th Cir. 2009)(upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); *Bernal v. Bowen*, 851 F.2d 297, 302–03 (10th Cir.1988) (holding ALJ properly made mental RFC findings without expert medical assistance). In this case the ALJ accurately summarized the records and, based on the content of the medical records, concluded that the medical records do not support the limitations alleged by Plaintiff. The ALJ's conclusion is supported by substantial evidence.

The undersigned rejects Plaintiff's assertion that the ALJ failed to develop the record because a consultative examination was not ordered. The record does contain consultative examinations. [R. 417-423; 469-473]. The ALJ referred to these in his decision. [R. 19-20; 21].

Plaintiff argues that the ALJ failed to account for his left hand injury and claims that the RFC should have had some limitation of his ability to use his left hand, or an explanation why there was no such limitation. Plaintiff focuses on the orthopedic surgeon's

5

opinion that he would never have normal sensation to the back of his hand. [Dkt. 16, p. 6, R. 341]. Plaintiff has not demonstrated that abnormal sensation to the back of his hand affects his ability to perform work-related functions. The ALJ noted the findings regarding Plaintiff's hand function made by the consultative examiner: that Plaintiff was able to pick up and manipulate paperclips without difficulty; his finger to thumb opposition was adequate; and fine tactile manipulation of objects was normal. [R. 20]. The ALJ also noted Plaintiff displayed normal range of motion with his upper extremities. [R. 22]. The record also contains an evaluation by Dr. Edwards where it is noted that Plaintiff's sensations were intact as to pinprick, position sense, light touch, vibratory, and thermal sensations. [R. 473]. Further, the ALJ considered the opinions of the DDS physicians who reviewed Plaintiff's medical records, including those addressing Plaintiff's hand complaints, and opined that Plaintiff's physical complaints were non-severe. [R. 21]. The undersigned finds that the ALJ's RFC findings are supported by substantial evidence.

The undersigned rejects Plaintiff's argument that the case should be reversed because the ALJ failed to include limitations related to liver cirrhosis, vomiting, diarrhea, and abdominal pain. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d

1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).  Plaintiff's treatment for gastric complaints and diarrhea are reflected in the ALJ's summary of the evidence, as are the normal lab results.  [R. 20, 21].  The undersigned notes also that when Plaintiff was seen by Dr. Edwards on February 24, 2012, he related a recent history only of heartburn.  He denied having nausea, vomiting, and diarrhea.  [R. 470].  The ALJ noted the lack of opinions from physicians indicating that Plaintiff is disabled or has limitations from his conditions.  [R. 23].  The undersigned finds that the ALJ's RFC findings are supported by substantial evidence.

Plaintiff asserts that the ALJ erred in failing to include any limitations due to exercise intolerance, which Plaintiff states would preclude the performance of work at the RFC level of medium work.  According to Plaintiff, he "clearly cannot stand, walk, bend, squat, etc. on any sort of prolonged basis due to his exercise intolerance."  [Dkt. 16, p. 7].  The notation of "exercise intolerance" does not say anything about such limitations.  The notation of "exercise intolerance" appears in the medical records only one time and predates the DDS medical consultants' opinions that Plaintiff had no physical limitations.  [R. 402].  The ALJ included the June 2010 assessment of exercise intolerance in his summary of the medical record.  [R. 20].  The undersigned finds that in view of the entirety of the record, the notation of exercise intolerance does not deprive the ALJ's RFC finding of support by substantial evidence.

Plaintiff argues that the ALJ failed to develop the record as to his depression and anxiety by ordering a mental consultative examination.  As evidence of those conditions,

7

Plaintiff points to four isolated notations[3] in the medical records where anxiety or depression are noted. In February 2012, Plaintiff denied a history of depression, mood changes, difficulty concentrating or sleeping, and there was no excessive nervousness or anxiety. [R. 471]. Plaintiff did not receive treatment for any mental health issues, nor did he allege any limitations due to mental health issues. "[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). On this record, the undersigned finds no error in the ALJ's failure to order a mental consultative examination.

## Credibility Determination

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including: Plaintiff's daily activities are inconsistent with disability; medical treatment has been routine and conservative, not of the type expected for a totally disabled individual; and objective findings, including range of motion, are inconsistent with Plaintiff's allegations. [R. 21-23].

---

[3] On August 18, 2009, Plaintiff was reported to be anxious in the emergency room when being seen for an abdominal complaint, [R. 369, 370]; on May 25, 2010 depression was circled on a review of symptoms when Plaintiff was being seen for a cough, [R. 387]; and on April 29, 2010 anxiety and depression were circled on review of symptoms, [R. 389].

8

Plaintiff offers arguments against the factors cited by the ALJ in support of his credibility finding. The undersigned views those arguments as an invitation to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

### Consideration of Third Party Statements

The record contains third party statements from Plaintiff's father, his mother, and from his fiancé. [R. 314-319]. Plaintiff argues that the ALJ's decision should be reversed because the ALJ did not mention these third party statements. According to Plaintiff, consideration of the consistency between these statements and Plaintiff's statements is an important aspect of the credibility determination. Plaintiff further argues that these statements fall in the category of uncontroverted evidence the ALJ chose not to rely on or in the category of significantly probative evidence the ALJ rejected, which must be discussed as required by *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). *Clifton* does not strictly apply to this case as *Clifton* dealt with the ALJ's failure to discuss the medical evidence in the context of his finding at step three that the claimant did not met the Listings of Impairments. *Clifton* did not address the ALJ's treatment of written statements submitted by non-medical third parties.

The Commissioner's regulations, 20 C.F.R. §§ 404.1513(d)(3), 416.913(d)(3), provide that in addition to evidence from medical sources, the Commissioner *may* use information from other sources to show the severity of impairments and how the ability to work is affected. Such "other" sources include, for example spouses, parents, other care givers, neighbors, siblings, other relatives, and clergy. The regulations do not address how

9

the information from these other sources is to be evaluated. There is certainly no requirement that the ALJ has to specifically discuss this evidence. *Social Security Ruling* (SSR) 06-03p, 2006 WL 2263437, addresses how opinions and other evidence from sources who are not considered acceptable medical sources in the regulations are to be considered. The Ruling does not make any requirements that the information from "other" sources be evaluated or discussed in any particular manner. The Ruling merely states it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and other factors that tend to support or refute the evidence.

In published opinions, the Tenth Circuit has addressed the ALJ's treatment of <u>testifying</u> witnesses. In *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996) the claimant's wife testified at the hearing, but the ALJ did not make a written finding about her credibility. The Court noted that the ALJ's written decision reflected that he considered the testimony because he referred to it in his decision. The Court declined to adopt a rule requiring the ALJ to make specific written findings of each witnesses' credibility. In another case, *Blea v. Barnhart*, 466 F.3d 903, 914-915 (10th Cir. 2006), the claimant's wife testified before the ALJ, but the ALJ did not mention the testimony or the fact that she testified in the written decision. The Court found that the ALJ erred in failing to discuss the wife's testimony, especially because her testimony was uncontroverted but also corroborated a psychiatric examination.

In the instant case, the lay witnesses did not testify at the hearing. They merely submitted written statements. The Tenth Circuit has not required the ALJ to mention such written statements. In *Brescia v. Astrue*, 287 Fed. Appx. 626, 630-631 (10th Cir. 2008), the

claimant's sister and a friend provided written descriptions of the claimant's limitations, which the ALJ did not explicitly discuss. The Court stated the ALJ's omission was not grounds for remand given the nature of the statements which were largely cumulative of the claimant's testimony. Further, relying on *Hackett v. Barnhart*, 355 F.3d 1168, 1171 (10th Cir. 2005), the Court stated it would take the ALJ at his word that he considered all of the evidence. As in *Brescia*, the written statements in this case are largely cumulative of Plaintiff's testimony. And, the ALJ repeatedly stated he made careful consideration of all of the evidence. [R. 15, 17, 18]. The undersigned finds, therefore, that the ALJ's failure to address the third party written statements presents no reason for a remand.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before January 27, 2015.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

11

> disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 13th day of January, 2015.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE