UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RYAN F. WHITTLE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0580-CVE-FHM |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| **Acting Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the report and recommendation (Dkt. # 21) of Magistrate Judge Frank H. McCarthy recommending that the Court affirm the decision of the Commissioner of the Social Security Administration (the agency) to deny plaintiff's claim for disability benefits. Plaintiff has filed an objection (Dkt. # 22) to the report and recommendation, and he seeks an award of benefits or, alternatively, remand for further proceedings. Defendant has not filed a response to plaintiff's objection, and the time to do so has expired.

### I.

Plaintiff applied for disability benefits in 2010, when he was twenty-two years old. Dkt. # 13-2, at 16. He alleged that complications from a congenital heart defect, a hand injury requiring multiple surgeries, and unknown gastrointestinal complaints left him fully disabled. Dkt. # 13-6, at 27-32. His claim was denied initially and upon reconsideration by the agency, after which plaintiff requested a hearing before an administrative law judge (ALJ). Dkt. # 13-2, at 16. The hearing was held on April 2, 2012. Id.

Plaintiff's medical history presented a wide variety of physical complaints. Plaintiff was born with a heart defect called double outlet right ventricle; two surgeries before age ten, including a Fontan procedure, were needed to repair the defect. Dkt. # 13-6, at 67. When he was nineteen years old, an accident with a window severed the tendons in plaintiff's left hand. Dkt. # 13-7, at 23. By February 2008, plaintiff had undergone two surgeries to repair his hand and had begun physical therapy to regain normal functioning. Id. at 34. In March 2010, plaintiff saw his physician for cough, diarrhea, and rectal bleeding, id. at 121; that June, plaintiff was diagnosed with exercise intolerance after presenting with nausea, vomiting, diarrhea, and abdominal pain. Id. at 84. In April 2011, plaintiff again complained of nausea, vomiting, and diarrhea, but a subsequent abdominal ultrasound showed nothing remarkable. Id. at 183-85. In August 2011, plaintiff returned to his physician, this time after having been struck in the head during a mugging; he complained of constant migraine headaches. Id. at 177. A CT scan revealed swelling and what appeared to be a small fracture in the left side of plaintiff's face, and pain medication was prescribed. Id. at 171.

The agency ordered two groups of examinations of plaintiff, before and after he began complaining of migraine headaches. In August 2010, prior to plaintiff's head injury, Brad Liston, D.O., performed a consultative examination of plaintiff at the request of the agency. Id. at 100. Dr. Liston assessed plaintiff's medical history and performed a physical examination. Id. at 100-105. Dr. Liston determined that plaintiff had a full range of motion with his extremities, that he could "pick up and manipulate paperclips without difficulty," and that his grip strength was "rated at 5/5." Id. He did not note any cardiovascular difficulty, although he stated that plaintiff had a history of colitis. Id. The agency provided plaintiff's medical records to Kenneth Wainner, M.D., a physician with the state Department of Disability Services, for analysis in September 2010. Id. at 106. Dr.

Wainner laid out plaintiff's physical conditions much as Dr. Liston described them and determined that, based on the medical records, those conditions were non-severe. Id. The agency requested a similar review of plaintiff's records in December 2010 from Luther Woodcock, M.D., also with the Department of Disability Services. Id. at 108. Like Dr. Wainner, Dr. Woodcock analyzed plaintiff's physical conditions and found them non-severe. Id. Neither Dr. Wainner nor Dr. Woodcock performed a physical examination of plaintiff. Following plaintiff's complaints of migraine headaches, the agency ordered a consultative examination with Jeanne Edwards, M.D, in February 2012. Id. at 151. During this examination, plaintiff stated that his congenital heart defect was "not problematic," and he denied any gastrointestinal issues other than heartburn. Id. at 151-52. Dr. Edwards concluded that plaintiff suffered from migraine headaches and recommended he continue taking pain medication. Id. at 155.

Plaintiff and vocational expert (VE) Jennifer Sullivan, M.S. in Counseling, provided the only testimony at the hearing before the ALJ. Id. Plaintiff testified that he would sleep only four to five hours a night and that he spent most days doing housework and taking care of his young daughter. Dkt. # 13-2, at 88-89. He also described to the ALJ the limitations that his conditions caused, including his inability to walk for more than twenty minutes, stand for more than thirty minutes, and lift more than thirty pounds with his left hand, as well as his need to use the restroom at least once an hour and to lie down during migraine headaches. Id. at 86-90. The ALJ then questioned the VE. The ALJ asked the VE a hypothetical question about an individual able to perform the full range of medium work, and the VE identified jobs in the economy that such an individual could undertake at the medium, light, and sedentary exertion levels. Id. at 98. When asked whether jobs existed for

an individual with the symptoms that plaintiff had described in his testimony, the VE testified that no such work existed. Id. at 99.

The ALJ issued his decision on April 27, 2012. Id. at 25. He found that plaintiff was not engaged in substantial gainful activity and that he had the severe impairment of "left fascia trauma."[1] Id. at 18. However, the ALJ determined that this impairment did not meet or exceed any listing in the regulations. Id. at 18-19. Based on his review of the record and the testimony, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform the full range of medium work. Id. at 19. He detailed the medical evidence, giving great weight to the opinions of Dr. Liston, Dr. Edwards, Dr. Wainner, and Dr. Woodcock. Id. at 24. As to plaintiff's testimony, the ALJ made a "partial allegation credibility assumption" because of numerous discrepancies the ALJ found between the medical evidence and plaintiff's statements about his symptoms and limitations. Id. at 23-24. Because the ALJ determined that plaintiff had the RFC to perform the full range of medium work, the ALJ found him not disabled pursuant to Medical-Vocational Rule 203.28. Id. at 25.

The Appeals Council denied plaintiff's request for review, making the ALJ's decision the agency's final decision for purposes of appeal. Id. at 2. Plaintiff sought judicial review, Dkt. # 2, and the matter was referred to the magistrate judge for a report and recommendation. The report and

---

[1] The ALJ's use of "fascia" appears incorrect, as that term means "a sheet of connective tissue covering or binding together body structures." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 422 (10th ed. 1994). There is no indication in the record of such a condition. However, references in the decision make clear that the ALJ associated the phrase "left fascia trauma" with plaintiff's head injury. See Dkt. # 13-2, at 21 ("Records also show the claimant had head [sic] been assaulted and received a blow to the head and kicks to the body . . . and CT scan of the head revealed left fascia trauma . . . ."). The Court will assume, as did the magistrate judge, that the ALJ meant "left facial trauma." See Dkt. # 21, at 2.

4

recommendation recommends that this Court affirm the ruling of the ALJ. Dkt. # 21, at 11. Plaintiff has timely filed an objection to the report and recommendation.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. FED. R. CIV. P. 72(b). However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b).

**III.**

The agency has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See id.* Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis, finding that Medical-Vocational Rule 203.28 required a determination of not disabled. See

20 C.F.R., Pt. 404, Subpt. P, App'x 2, Rule 203.28. The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991). The Medical-Vocational Rules "contain tables of rules which direct a determination of disabled or not disabled on the basis of a claimant's RFC category, age, education, and work experience." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). However, the rules "may not be applied conclusively in a given case unless the claimant's characteristics precisely match the criteria of a particular rule." Id. (quoting Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987)).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff objects to the magistrate judge's report and recommendation on four issues: the ALJ's decision not to seek additional consultative examinations; the ALJ's formulation of plaintiff's RFC in light of the medical evidence in the record; the ALJ's determination that plaintiff was not fully credible; and the ALJ's failure to consider the third party statements in the record. Dkt. # 22.

6

As the Court finds that plaintiff's case should be remanded based on the ALJ's formulation of plaintiff's RFC, the Court does not address plaintiff's remaining arguments.

Plaintiff asserts that the ALJ merely summarized the record evidence without explaining how that evidence justified plaintiff's RFC assessment by the ALJ, in violation of Social Security Ruling (SSR) 96-8p. Dkt. # 22, at 2-3. SSR 96-8p describes the methods for assessing a claimant's RFC as well as the requirements for expressing that RFC in a decision. SSR 96-8p, 1996 WL 374184, at *1-2 (July 2, 1996). The ruling states that the ALJ must conduct a function-by-function analysis of a claimant's abilities and limitations, then link the RFC to that analysis.[2] Id. at *3. When assessing a claimant's RFC, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id. at *7. The ALJ must also

> discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any

---

[2]  Some district courts in the Tenth Circuit have concluded that, because the RFC at step five is expressed in terms of exertional level rather than functional limitations, the function-by-function analysis is less critical in cases decided at step five. See, e.g., Ren v. Astrue, Civil No. 08-cv-01242-LTB, 2009 WL 3497785, at *6 (D. Colo. Oct. 29, 2009). However, where the RFC at step five includes a full range of work at a particular exertional level, SSR 96-8p explains that the function-by-function analysis remains important: "[T]he individual must be able to perform substantially all of the exertional and nonexertional functions required . . . . Therefore, it is necessary to assess the individual's capacity to perform each of these functions in order to decide which exertional level is appropriate and whether the individual is capable of doing the full range of work . . . ." SSR 96-8p, at *3. SSR 96-8p is mandatory authority for an ALJ and must be followed. 20 C.F.R. § 402.35(b)(1) ("We publish Social Security Rulings in the Federal Register under the authority of the Commissioner of Social Security. They are binding on all components of the Social Security Administration."). The Court will not discount the requirement for a function-by-function analysis simply because the ALJ decided this case at step five of the analysis.

7

material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Id. Failure to provide a link between the claimant's ability to perform work activities and the RFC is a basis for remand. See Adkins v. Barnhart, 80 F. App'x 44, 48 (10th Cir. 2003).[3]

Several Tenth Circuit cases are instructive where, as here, the claimant's RFC includes a full range of work at a particular exertional level and the claimant objects based on the ALJ's explanation of the RFC determination. In Adkins, the ALJ found that the claimant could perform the full range of light work. Id. at 48. The only support for the RFC was "a checkmark-style RFC assessment done by an agency physician." Id. The Tenth Circuit dismissed this assessment because the physician did not provide a thorough explanation of his findings and because there was no other evidence to support the physician's conclusions. Id. (citing Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987)). The appellate court concluded that the ALJ did not make a proper RFC determination, noting that "[o]f crucial importance to this case is that no doctor has ever defined claimant's capability for walking, standing, or sitting, let alone, bending, twisting, stooping, climbing, etc. There is a total lack of evidence about what he can do." Id. The Tenth Circuit remanded the case to the ALJ for a further review of the records, and it stated that, if the current records are incomplete, the ALJ should order a consultative examination. Id. at 49.

Similarly, the Tenth Circuit remanded in Southard v. Barnhart, 72 F. App'x 781 (10th Cir. 2003), because the ALJ did not address each topic required by SSR 96-8p before concluding that the claimant could perform the full range of light work. Southard, 72 F. App'x at 784. The ALJ made specific findings as to the claimant's ability to lift and carry but not "to sit, stand, walk, push,

---

[3]     Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

or pull." Id. Likewise, there was "no discussion of 'the maximum amount of each work-related activity [the plaintiff] can perform,' nor [was] there any 'narrative discussion describing how the evidence supports each conclusion." Id. (citing SSR 96-8p at *7). Additionally, the ALJ failed to explain why he rejected the claimant's treating physician's statement about the claimant's limitations. Id. at 785. The Tenth Circuit remanded the case to the ALJ for a reevaluation and a more thorough explanation of the claimant's RFC in compliance with SSR 96-8p. Id.

The ALJ's decision here is based on even less evidence than those in Adkins and Southard. The ALJ found that plaintiff retained the RFC "to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c)."[4] Dkt. # 13-2, at 19. There is only one reference to plaintiff's ability to do medium work in the ALJ's discussion of the RFC: "Further, the state agency physicians . . . have concluded the claimant can reasonably be expected to perform at the medium, light and sedentary exertional level [sic] with the non-exertional limitations found by the Administrative Law Judge." Dkt. # 13-2, at 24. However, the ALJ's statement is incorrect. Both Dr. Wainner's and Dr. Woodcock's reports briefly review plaintiff's alleged conditions, provide an almost-identical discussion of the medical evidence,[5] and conclude that plaintiff's physical complaints are non-severe. Dkt. # 13-7, at 106, 108. At no point do Dr. Wainner or Dr. Woodcock

---

[4] The regulations define medium work as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c). Light work may involve "a good deal of walking or standing, or when it involves sitting most of the time . . . some pushing and pulling of arm or leg controls." Id. § 404.1567(b).

[5] The Court notes that both Dr. Wainner's and Dr. Woodcock's discussion of plaintiff's conditions appears to be a recitation, almost word-for-word, of Dr. Liston's summarized assessment of plaintiff's physical examination. Compare Dkt. # 13-7, at 100, with id. at 106, 108.

opine as to what exertional level would be appropriate for plaintiff, nor do they discuss plaintiff's capacity to carry out individual work activities like walking or lifting.[6] The reports of Dr. Liston and Dr. Edwards following their respective consultative examinations likewise say nothing about plaintiff's maximum exertional level or ability to perform work activities. In fact, the only discussion of any individual work activities in the decision comes in the recitation of plaintiff's testimony, and the ALJ found plaintiff not fully credible.[7] Dkt. # 13-2, at 24. As in Southard, the Court can find no evidence in the record upon which the ALJ could have based plaintiff's RFC. The record lacks even the "checkmark-style RFC assessment" found in Adkins. While the ALJ discusses the record in detail, at no point does he describe how that evidence supports his finding that plaintiff is capable of all medium work, and it is just such a description that is required by SSR 96-8p.[8] As in Adkins, "[t]here is a total lack of evidence about what [plaintiff] can do." Adkins, 80 F. App'x at 48.

The Court acknowledges that "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004). The Tenth Circuit has "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can

---

[6] While the opinions here do not provide such information, the Court has accepted similar opinions as the basis for an RFC when they do address a claimant's ability to accomplish work activities. See, e.g., Kerstetter v. Colvin, No. 13-CV-0342-CVE-FHM, 2014 WL 4656492, at *5 (N.D. Okla. Sept. 17, 2014).

[7] Other than plaintiff's testimony, the only record evidence showing plaintiff's ability to perform work activities is his function report. See Dkt. # 13-6, at 32-34. However, this report is similar in content to plaintiff's testimony, which the ALJ found only partially credible.

[8] The ALJ does state several times that the RFC finding is consistent with the medical and opinion evidence in the record. Id. at 19, 24. However, these statements, without more, do not satisfy the requirement for a "narrative discussion." SSR 96-8p, at *7.

10

determine RFC within that category." Id. However, the ALJ cannot simply invent an RFC; there must be evidence in the record from which the ALJ can determine a claimant's RFC. See Southard, 72 F. App'x at 785. SSR 96-8p requires a function-by-function analysis and a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8p, at *7. Neither Dr. Liston, Dr. Edwards, Dr. Wainner, Dr. Woodcock, nor anyone else performed the requisite function-by-function analysis of plaintiff's capacity to perform work activities. See id. at *3. The ALJ did not link his determination that plaintiff is capable of all medium work to the evidence in the record as part of a narrative discussion. See id. at *7. This case must be remanded to the ALJ to remedy these errors.

**IT IS THEREFORE ORDERED** that that the report and recommendation (Dkt. # 21) is **rejected**, and the Commissioner's decision is **reversed and remanded** for further proceedings. A separate judgment is entered herewith.

**DATED** this 12th day of February, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE